UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| SEEDWAY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:14CV00050 ACL |
| | ) | |
| JAMES A. HAMPTON, | ) | |
| ATG FARMS, INC., | ) | |
| SOUTHERN FARMS, INC., and | ) | |
| LOFT FARMS, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the parties' Joint Motion for Entry of Judgment. [Doc. 12] By Order of the Court, a status hearing was set for June 26, 2014 at 11:30 a.m. [Doc. 15] The Order advised the parties that counsel for the Plaintiff and the Defendants were required to be present at the hearing. *Id*. On June 26, 2014, Plaintiff Seedway, LLC appeared by counsel, however, all four Defendants failed to appear by counsel or otherwise. The Court made a record of the Plaintiff's appearance and the Defendants' failure to appear. The status hearing was rescheduled for July 18, 2014, at 1:00 p.m.

The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). "A plaintiff who seeks to invoke diversity jurisdiction of the federal courts must plead citizenship distinctly and affirmatively." 15 James Wm. Moore, et al., *Moore's Federal Practice* § 102.31 (3d ed. 2010).

The Complaint [Doc. 1] asserts that the Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332, because the lawsuit is between citizens of different States and the matter in controversy exceeds the sum of $75,000. While the caption of the case identifies Plaintiff as an LLC, paragraph 1 of the Complaint identifies Plaintiff "Seedway, LLC" as a "Delaware corporation having its principal place of business in New York," and "citizen of the states of Delaware and New York."

The Eighth Circuit has held that unincorporated entities such as LLCs are citizens of every state of which any member is a citizen. *See GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). If the Plaintiff is in fact an LLC, as stated in the caption of the case, then the citizenship of each of the members must be pled. This Court must examine the citizenship of each member of Seedway, LLC to determine whether diversity jurisdiction exists. The Complaint contains no allegations concerning the members of Seedway, LLC.

The Court will grant Plaintiff 14 days to file an Amended Complaint that alleges facts showing the existence of the requisite diversity of citizenship of the parties. If Plaintiff fails to timely and fully comply with this Order, the Court will dismiss this matter without prejudice for lack of subject matter jurisdiction.

Provided the Court has subject matter jurisdiction over this case, another issue presented by the proposed consent judgment is the fact that an attorney has not entered an appearance on behalf of the three corporate defendants. Defendant James A. Hampton, as "President," signed the Joint Motion for Entry of Judgment [Doc. 12] on behalf of Defendants Southern Farms, Inc., ATG Farms, Inc., and Loft Farms, Inc.

"It has been the law for the better part of two centuries...that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993). *See also United States v. Van Stelton*, 988 F.2d 70, 70 (8th Cir. 1993) (per curiam) (corporation that was not represented by counsel was not party to appeal; corporation cannot appear *pro se*).

In light of this long standing rule, the Court may not grant the proposed Judgment [Doc. 12-1] as to all Defendants, unless the corporate defendants are represented by counsel. In addition, James A. Hampton's attempt to consent to the jurisdiction of the undersigned United States Magistrate Judge as "President" of Defendants ATG Farms, Inc., Southern Farms, Inc., and Loft Farms, Inc., fails since corporations may only make such an election by counsel.

The Court hereby notifies the parties that, unless an attorney enters an appearance on behalf of ATG Farms, Inc., Southern Farms, Inc., and Loft Farms, Inc., within 14 days of this Order, this matter will be reassigned to a United States District Judge. Failure to secure counsel will likely subject the Defendants to a default judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall file an Amended Complaint in accordance with this Memorandum.

**IT IS FURTHER ORDERED** that if Plaintiff does not timely and fully comply with this Order, this matter will be dismissed for lack of subject matter jurisdiction. In the event Plaintiff demonstrates that this Court has subject matter jurisdiction, the Consent Judgment will be entered as to Defendant James A. Hampton, individually.

Dated: June 27, 2014

ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE